JoWanda Strickland-Lucas and James Strickland-Lucas,
Plaintiffs *in Propria Persona*
1421 Old Stepney Road
Aberdeen, Maryland 21001

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 MAR 18 PM 12: 33

BY_____

# UNITED STATES DISTRICT COURT
# FOR THE STATE OF MARYLAND

JOWANDA STRICKLAND-LUCAS
JAMES STRICKLAND-LUCAS
**PLAINTIFF(S)**
v.
CITIBANK, N.A. DBA "CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2007-QH2"
**DEFENDANT**

ELH 16 CV 0805

CASE NO. _____

## COMPLAINT FOR DAMAGES – 15 U.S.C. §1635

Come now the plaintiffs JoWanda Strickland-Lucas and James Strickland-Lucas sue the defendant CITIBANK, N.A. DBA "CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2007-QH2" in the following legal action to protect a private civil right and to compel a civil remedy for damages resulting from violations of Title 15 U.S.C. §§1635 and 1640, and alleges the following:

### JURISDICTION

This is an action at law and this court has original jurisdiction pursuant to Article III, Section 2 of the United States Constitution and Title 28 U.S.C. §1331 and 15 U.S.C. §§1635 and 1640.

This is a complaint for damages that exceeds $75,000.

There is a diversity of citizenship between the plaintiff and defendant.

### VENUE

The plaintiff has resided in Harford County, at the address known as 1421 Old Stepney Road, Aberdeen, Maryland, for all times material to this complaint.

The defendant is a national association doing business as "CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2007-QH2" in the State of Maryland, with its principal place of business at 399 Park Avenue, Front 1, New York, NY 10043, for all times material to this complaint.

## PLAIN STATEMENT

The plaintiffs are the mortgagor in a trust deed that was recorded on the date of March $2_{nd}$ 2007 in Harford County, Maryland, in the amount of $161,000. The deed secured the payment of a promissory note made payable to QUALITY HOME LOANS, the lender stated on the trust deed.

The defendant's servicer sent written communications to the plaintiffs stating that it had rights under a trust deed recorded against the plaintiffs' property. The plaintiffs served the defendant with a notice to rescind and the defendant failed to sue and re-establish the debt.

The defendant subsequently ignored the notice and foreclose efforts continued.

The plaintiffs are now suing for damages resulting therefrom.

## COMPLAINT FOR DAMAGES – 15 U.S.C. §1635

Come now the plaintiffs JoWanda and James A. Strickland-Lucas sue the defendant CITIBANK, N.A. DBA "CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2007-QH2" in the following legal action to protect a private civil right and to compel a civil remedy for damages resulting from violations of Title 15 U.S.C. §§1635 and 1640, and alleges the following:

The plaintiffs re-allege the foregoing and incorporate each statement herein. Jurisdiction and venue are proper and this complaint is an action at law and is properly before this court.

The plaintiffs and defendant were parties to a consumer credit transaction that existed or was consummated on or after September 30, 1995.

The defendant is a creditor within the meaning of 15 U.S.C. §§1601 and 1635 et seq.

The defendant recently began attempting to foreclose as if it had rights under this trust deed agreement. The plaintiff responded accordingly, as if the defendant had such rights, and also, as if the defendant had the same liabilities as set forth under the Truth and Lending Act, Title 15 U.S.C. §§1635 and 1640.

The creditor failed to provide the plaintiffs with the appropriate form of written notice published and adopted under the provisions of the Truth in Lending Act.

The creditor failed to provide the plaintiff with a comparable written notice of the rights of the plaintiffs, that was properly completed by the creditor, and otherwise complied with all statutory requirements regarding the notice.

The plaintiffs notified the defendant of his right to rescind.

The plaintiffs served a notice to rescind upon the defendant on the date of October 24th 2015, a true and correct copy of this notice is attached as Exhibit A. The defendant ignored the plaintiffs and failed to respond to the notice to rescind by failing to sue the plaintiff and re-establish what it claimed to be the debt under the trust deed and promissory note.

As of the date of December 7th 2015, which is or exceeds twenty days following the notice to rescind, the trust deed and note were void and did not exist; however, the defendant continued to act as if the note and trust deed were enforceable and subsequently foreclosure continued upon the plaintiff's property.

The defendant had a duty to either sue the plaintiffs to re-establish what it claimed to be the debt or return the plaintiff's money or property within twenty days of receiving the notice to rescind.

The defendant failed to return the note, money or property paid.

The plaintiffs served the defendant with a notice of default and intent to sue for its failure to properly respond to the notice to rescind, a true and correct copy is attached as Exhibit B.

The plaintiffs recorded an Affidavit of Rescission in the Public Records of Harford County Maryland on December 18th 2015 rescinding the mortgage on the property and provided a copy to the defendant Exhibit C.

The plaintiffs were unable to tender the property or money received because of the defendant's failure to comply and no measures to protect or guarantee that such tender of property would cause the defendant to comply with its obligations.

The plaintiffs have given timely notice to the defendant within applicable statute of limitations of the Truth in Lending Act in filing this claim

The defendant will not suffer prejudice because of this complaint.

The plaintiffs have acted reasonably and in good faith regarding the events leading up to the commencement of this action.

The plaintiffs were actively misled by the defendant about the cause of action or was extraordinarily prevented from asserting his rights.

Plaintiffs demand a jury trial.

## DAMAGES

The plaintiff has suffered damages as a direct and proximate result of the defendant's actions and failures to act. Non-compliance is a violation of the Truth in Lending Act which gives rise to a claim for actual and statutory damages under 15 U.S.C. §1640.

The plaintiff has suffered the loss of the actual fair market value of his home because the defendant has failed or refused to sue the plaintiff and reestablish the purported debt that was rescinded by the plaintiff prior to the commencement of this complaint.

The actual damages are: 1. The fair market value of plaintiff's property in the amount of $150,000. 2. The loss of the money deposited with the lender identified on the mortgage or trust deed lien in the amount of $161,000. 3. Costs and attorney fees associated with this action and defending against the foreclosure process in the amount of $3,200.

WHEREFORE plaintiff demands judgment against the defendant in the aggregate amount of damages alleged in the complaint of $314,200, together with other relief this court deems appropriate.

## CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint:
1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law;
3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
4) the complaint otherwise complies with the requirements of Rule 11.

DATED this 18th day of March, 2016.

_JoWanda Strickland-Lucas_, Plaintiff

_James Strickland-Lucas_, Plaintiff