IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOWANDA STRICKLAND-LUCAS, *et.*
*al.*

    *Plaintiffs*,

    v.

                              Civil Action No. ELH-16-0805

CITIBANK, N.A. DOING BUSINESS AS
CWABS, INC., ASSET-BACKED
CERTIFICATES, SERIES 2007-QH2,

    *Defendant.*

## MEMORANUM

On March 18, 2016, JoWanda Strickland-Lucas and James Strickland-Lucas, the self-represented plaintiffs, filed suit against Citibank, N.A., "DBA CWABS, Inc., Asset-Backed Certificates, Series 2007-QH2" ("Citibank"), alleging violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1635 & 1640, in connection with a 2007 loan.  ECF 1.[1]  Plaintiffs claim that they were not provided required disclosures with the loan origination and that they properly rescinded the loan in 2015.   ECF 1.  By Order of March 24, 2016 (ECF 4), I granted plaintiffs' motions to proceed in forma pauperis.  *See* ECF 2; ECF 3.

On June 23, 2016, a summons return was executed, evidencing service on defendant on

---

[1] Plaintiffs name Citibank, N.A. d/b/a CWABS, Inc. Asset-Backed Certificates, Series 2007-QH2 as the defendant. However, Citibank asserts that it "has never done business as 'CWABS, Inc. Asset-Backed Certificates, Series 2007-QH2'. The underlying Deed of Trust at issue in this case was assigned to Citibank, NA. as trustee for the Certificateholders of CWABS, Inc. Asset-Backed Certificates, Series 2007-QH2. Accordingly, Citibank, N.A. assumes that Plaintiffs intended to name it in its capacity as trustee, and Citibank, N.A. responds accordingly." ECF 16-1 at 1 n. 1.

June 21, 2016, via Corporation Trust, Inc.  ECF 9.

Under Rule 12 of the Federal Rules of Civil Procedure, a defendant must serve an answer within twenty-one days after being served with a summons and complaint.  *See* Fed. R. Civ. P. 12(a)(1)(A)(i).  Citibank did not timely respond to the Complaint.  Therefore, by Order of September 6, 2016 (ECF 10), I directed plaintiffs to file a motion for Clerk's entry of default, or show cause why such action was not appropriate.  *Id.*  Pursuant to my Order (ECF 10), on September 12, 2016, plaintiffs filed a Motion for Clerk's Entry of Default as to Citibank, pursuant to Fed. R. Civ. P. 55(a).  ECF 11.  On September 14, 2016, the Clerk entered an order of default as to the defendant.  ECF 12.  Sydney Fairchild Fitch, Esquire, of McGuireWoods LLP, entered her appearance as counsel for Citibank on October 20, 2016. ECF 13.

Thereafter, on October 28, 2016, Citibank filed a motion to set aside entry of default (ECF 16), supported by a memorandum of law (ECF 16-1) (collectively, "Motion"), and an exhibit (ECF 16-2).  Citibank urges the Court to set aside the entry of default for the following reasons: "(i) Citibank has a meritorious defense to this action because Plaintiffs' TILA claims are time-barred; (ii) Citibank's failure to respond was inadvertent, and Citibank has now responded reasonably promptly; and (iii) setting aside the Entry of Default will not prejudice Plaintiffs." ECF 16-1 at 3.

Plaintiffs oppose the Motion.  ECF 17, "Opposition."  They argue, *inter alia*, that there is no merit to Citibank's contention that plaintiffs' claims are time-barred.  ECF 17 at 1.[2] Citibank has replied.  ECF 18, "Reply".

---

[2] Because plaintiffs are self-represented, their pleadings have been "'liberally construed'" and "'held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

No hearing is necessary to resolve the Motion.  *See* Local Rule 105.6. For the reasons that follow, I shall grant the Motion.

## I.    Discussion

Rule 55(c) of the Federal Rules of Civil Procedure states, in part: "The Court may set aside an entry of default for good cause . . . ."  In *Payne ex rel. Estate of Calzada v. Break*, 439 F.3d 198, 203 (4th Cir. 2006), the Fourth Circuit instructed:

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

*See also Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

To be sure, a "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party."  *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421  (D.  Md.  2005).  Nevertheless, the Fourth Circuit has repeatedly expressed a strong preference that, as a matter of general policy, "default should be avoided and that claims and defenses be disposed of on their merits."  *Colleton*, 616 F.3d at 417; *see also United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993); *Tazco, Inc. v. Director, Office of Workers' Compensation Program, U.S. Dep't of Labor*, 895 F.2d 949, 950 (4th Cir. 1990); *Herbert v. Saffell*, 877 F.2d 267, 269 (4th Cir. 1989).

As noted, Citibank claims that plaintiffs' TILA claims are time-barred.  Citibank explains, *inter alia*, ECF 16-1 at 4:

> Plaintiffs contend that they entered into the loan at issue on or about March 2, 2007, and that they were not provided the required disclosures at that time. (Doc. No. 1 at 2). All actions for damages under TILA must be filed "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The "'date of the occurrence of the

violation' is the date on which the borrower accepts the creditor's extension of credit." *Moseley v. Countrywide Home Loans, Inc.,* Case No. No. 7:09–CV–210–FL, 2010 WL 4484566 at \*2 (E.D.N.C. Oct. 26, 2010). Thus, any claim based on failure to provide disclosures during the origination of the Loan should have been asserted prior to March 2, 2008 – eight years before Plaintiffs brought this action.

"All that is necessary to establish the existence of a meritorious defense is a presentation or proffer of evidence, which, if believed, would permit the court to find for the defaulting party." *Armor v. Michelin Tire Corp.*, 113 F.3d 1231 at \*2 (4th Cir. 1997); *see United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). "'The underlying concern is...whether there is some possibility that the outcome...after a full trial will be contrary to the result achieved by the default.'" *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (alterations in original) (quoting 10 Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, FED. PRAC. & PROC. CIV. § 2697, at 531 (2d ed. 1983)).

In addition, Citibank argues that entry of default should be set aside because, once aware of its default, it responded reasonably promptly. *Id.* at 5. Citibank claims, ECF 16-1 at 5:

> Once Citibank discovered that it inadvertently failed to respond to the Complaint, Citibank promptly retained the undersigned counsel, who filed a notice of appearance the same day as being retained. (Doc. No. 13.) Citibank now files this motion a mere week after retaining counsel. Plaintiffs have not moved for nor has the Court entered default judgment, and Citibank is prepared to respond to the Complaint as soon as the Entry of Default is set aside. Citibank has moved to respond to this action in a reasonably prompt manner, a mere four months after being served, a little over a month after default was entered, and immediately upon discovering its inadvertence.

"'[A] party attempting to set aside an entry of default must act with reasonable promptness in responding to the entry of default....'" *Wainwright's Vacations, LLC*, 130 F. Supp. 2d at 718 (internal citations omitted). Because Rule 55(c) does not provide a specific time frame for filing a motion to vacate, this matter must be viewed "in light of the facts and circumstances of each occasion." *Moradi*, 673 F.2d at 727.

Finally, Citibank insists that plaintiffs will not be prejudiced if the entry of default is set aside.  Citibank points out: "No scheduling order has been issued or trial date set in this matter.  Moreover, to the extent that Plaintiffs contend that this matter will have an impact on their pending foreclosure, as of the filing of this motion, no sale has been set in the foreclosure action.[1]" *Id.* at 6.

As noted, plaintiffs argue in their Opposition that there is no merit to defendant's proposed defense.  ECF 17 at 1.  In addition, plaintiffs dispute that Citibank acted with "reasonable promptness."  *Id.* at 2.  In their view, Citibank should not be "excused" for its "blatant failure" to respond in a timely fashion.  *Id.*  Finally, plaintiffs maintain that they will be prejudiced if the Motion is granted, as "there has been injury, loss and damages to the Plaintiffs, with the ultimate damage being the loss of Plaintiffs' family home."  *Id.*

In my view, Citibank has proffered a meritorious defense.  And, as noted by Citibank in its Reply, "Plaintiffs fail[ed] to offer any factual allegations" to support their assertion that Citibank's defense of statute of limitation is without merit.  ECF 18 at 2.  In addition, Citibank's response was reasonably prompt.  Citibank filed the Motion a week after counsel entered the case, a little over a month after the default was entered, and four months after being served.  Finally, there is no indication of any prejudice to plaintiffs by such a comparatively brief delay at the outset of this litigation.

## II. Conclusion

In the exercise of my discretion, and given the absence of any evidence of prejudice to plaintiffs or deliberate dilatory conduct by Citibank, I shall grant the Motion.  ECF 16.  Citibank shall respond to the Complaint within 14 days of the date of entry of this Order.

An Order follows.


Date: November 29, 2016                                   _____/s/_____

                                                         Ellen Lipton Hollander
                                                         United States District Judge