IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOWANDA STRICKLAND-LUCAS, *et. al.*

*Plaintiffs*,

v.

CITIBANK, N.A. DOING BUSINESS AS CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2007-QH2,

*Defendant*.

Civil Action No. ELH-16-0805

**MEMORANDUM OPINION**

JoWanda and James Strickland-Lucas, the self-represented plaintiffs, filed suit on March 18, 2016, against Citibank, N.A., "DBA CWABS, Inc., Asset-Backed Certificates, Series 2007-QH2" ("Citibank"). Several exhibits are appended to the suit. The litigation is rooted in a foreclosure action pending in the Circuit Court for Harford County as to plaintiffs' property. In this case, plaintiffs allege violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1635 & 1640, in connection with a 2007 loan that they obtained to finance the purchase of their property. ECF 1.[1] According to plaintiffs, they were not provided with the requisite disclosures during the

[1] Plaintiffs sued Citibank, N.A. d/b/a CWABS, Inc. Asset-Backed Certificates, Series 2007-QH2. However, Citibank asserts that it "has never done business as 'CWABS, Inc. Asset-Backed Certificates, Series 2007-QH2'. The underlying Deed of Trust at issue in this case was assigned to Citibank, NA. [sic] as trustee for the Certificateholders of CWABS, Inc. Asset-Backed Certificates, Series 2007-QH2. Accordingly, Citibank, N.A. assumes that Plaintiffs intended to name it in its capacity as trustee, and Citibank, N.A. responds accordingly." ECF 16-1 at 1 n. 1.

origination of the loan, and they properly rescinded their obligations under the loan in 2015. ECF 1.

On June 23, 2016, a summons return was executed evidencing service on defendant on June 21, 2016, via Corporation Trust, Inc. ECF 9. Because the defendant did not respond to the Complaint, the Court entered an Order on September 6, 2016 (ECF 10), setting a deadline for plaintiffs to move for entry of default or show cause why such action was not appropriate. In response, on September 12, 2016, plaintiffs filed a Motion for Clerk's Entry of Default as to Citibank, pursuant to Fed. R. Civ. P. 55(a). ECF 11. The Clerk entered an order of default as to the defendant on September 14, 2016. ECF 12.

Citibank filed a motion to set aside entry of default on October 28, 2016. ECF 16; ECF 16-1. Plaintiffs opposed the motion (ECF 17) and Citibank replied. ECF 18. Pursuant to a Memorandum (ECF 19) and Order (ECF 20) of November 29, 2016, I granted Citibank's motion and directed Citibank to respond to the Complaint within fourteen days.

Thereafter, Citibank filed a motion to dismiss (ECF 21) pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6), supported by a memorandum of law (ECF 21-1) (collectively, "Motion"), and two exhibits. ECF 21-2; ECF 21-3. Plaintiffs oppose the Motion (ECF 24, "Opposition"), supported by an exhibit. ECF 24-1. Citibank has replied. ECF 25, "Reply."

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall grant the Motion.

## I. Factual Background[2]

On March 2, 2007, plaintiffs executed a Deed of Trust to secure payment of a promissory note payable to Quality Home Loans in connection with a loan to plaintiffs in the amount of $161,000.00 (the "Loan"). ECF 1 at 2; ECF 21-2 (Deed of Trust, recorded on April 10, 2007, in the land records for Harford County, Maryland at Liber 07296, Folio 595).[3] The Loan was secured by the property located on Old Stepney Road in Aberdeen, MD (the "Property"). *Id.*[4]

Quality Home Loans, the original lender, is not a party to this case. Notably, Citibank was not involved in the origination of the Loan. However, on August 26, 2011, four years after the Loan transaction, the Deed of Trust was assigned to Citibank, as Trustee for the Certificateholders of CWABS, Inc. Asset-Backed Certificates, Series 2007-QH2, on August 26, 2011. ECF 21-3 (Assignment to Citibank, recorded on September 6, 2011, in the land records for Harford County, Maryland at Liber 09310, Folio 364.)

---

[2] Unless otherwise noted, the facts are derived from the Complaint. Based on the procedural posture of the case, I must assume the truth of any well-pleaded factual allegations. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). In addition, because plaintiffs are self-represented, their pleadings must be "'liberally construed'" and "'held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

[3] As discussed, *infra*, in the context of a motion to dismiss, "a court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015). In addition, "[a] court may take judicial notice of docket entries, pleadings and papers in other cases without converting a motion to dismiss into a motion for summary judgment." *Brown v. Ocwen Loan Servicing, LLC*, PJM-14-3454, 2015 WL 5008763, at *1 n.3 (D. Md. Aug. 20, 2015), *aff'd*, 639 Fed. App'x. 200 (4th Cir. 2016). *Cf. Anderson v. Fed. Deposit Ins. Corp.*, 918 F.2d 1139, 1141 n. 1 (4th Cir. 1990) (holding that a district court may "properly take judicial notice of its own records").

[4] The Deed of Trust reflects that the "Borrower" also executed a promissory note dated March 2, 2007, in the amount of $161,000. ECF 21-2 at 2-3. In addition, on the same date, plaintiffs executed an "Adjustable Rate Rider." *Id.* at 18-22.

On August 12, 2014, a foreclosure action was initiated against the Property in the Circuit Court for Harford County, Case No. 12C14002475, *Richard A Lash, et al. v. Jowanda StricklandLucas, et al.* (the "Foreclosure Case"). *See* Maryland Judiciary Case Search Criteria, http://casesearch.courts.state.md.us/casesearch//process Disclaimer.jis (searching by court and case number) (last visited May 26, 2017); *see also* Foreclosure Case Docket, ECF 16-2. By Order of November 4, 2016, in the Foreclosure Case, the Strickland-Lucas's motion to dismiss and stay the Foreclosure Case was denied. Foreclosure Case, Case No. 12C14002475, Doc. No. 45. Then, on December 6, 2016, the Strickland-Lucases noted an appeal to the Maryland Court of Special Appeals. Foreclosure Case, Case No. 12C14002475, Doc. No. 48. As of this date, that appeal remains pending.

On March 18, 2016, approximately nine years after plaintiffs obtained the Loan at issue in this case, plaintiffs filed suit in this Court. They allege: "The creditor failed to provide the plaintiffs with the appropriate form of written notice published and adopted under [TILA] . . . and a comparable written notice of the rights of the plaintiff [sic]. . . ." ECF 1 at 2. Further, plaintiffs allege that on or about October 24, 2015, they sent a "notice to rescind" to Citibank with respect to the Deed of Trust and Note, but Citibank failed to respond or "re-establish" the Loan following rescission. *Id.* at 3; *see also* ECF 1-1 ("Notice to Rescind Deed of Trust and Note", dated October 21, 2015).[5] Accordingly, plaintiffs conclude that the Deed of Trust and Note are void and unenforceable. ECF 1 at 3. Nevertheless, they complain that the "defendant

[5] Citibank asserts: "[I]n an apparent attempt to avoid the lawful foreclosure on the property, Plaintiff JoWanda Strickland-Lucas also filed for bankruptcy on October 5, 2015 (prior to sending the purported rescission) (Case No. 1:15-bk-23811) and on February 1, 2016 (l:16-bk-11067). Both of these bankruptcies were dismissed for failure to file information." ECF 21-1 at 2-3, n. 4.

continued to act as if the note and trust deed were enforceable and subsequently foreclosure continued upon the plaintiff's [sic] property." *Id.*

On the basis of these facts, plaintiffs assert that the parties to this case "were parties to a consumer credit transaction that existed or was consummated on or after September 30, 1995." ECF 1 at 2. Further, they assert that defendant is a creditor within the meaning of 15 U.S.C. §§ 1601 and 1635 *et seq.* *Id.* And, plaintiffs seek $314,200.00 in damages. *Id.* at 4.

## II. Standard of Review

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *Goines v. Valley Cmty, Servs, Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom. McBurney v. Young*, ___ U.S. ____, 133 S. Ct. 1709 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). It provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)); *see also Simmons v. United Mortg. &*

*Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, ___ U.S. ____, 135 S. Ct. 346, 346 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotations omitted).

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Belmora LLC v. Bayer Consumer Care AG*, 819 F.3d 697, 705 (4th Cir. 2016); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and

then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, ___ U.S. ____, 132 S. Ct. 1960 (2012).

In general, courts do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses" through a Rule 12(b)(6) motion. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The purpose of the rule is to ensure that defendants are "given adequate notice of the nature of a claim" made against them. *Twombly*, 550 U.S. at 555–56 (2007). But, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan*, 533 F.3d 334, 336 (4th Cir. 2009); *see also U.S. ex rel. Oberg v. Penn. Higher Educ. Assistance Agency*, 745 F.3d 131, 148 (4th Cir. 2014). However, because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint*.'" *Goodman*, 494 F.3d at 464 (quoting *Forst*, 4 F.3d at 250) (emphasis added in *Goodman* ).

Under limited exceptions, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015). A court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits...." *Goines*, 822 F.3d at 166 (citations omitted); *see U.S. ex rel. Oberg*, 745 F.3d at 136 (quoting *Philips v. Pitt Cty Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009));

*Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

A court may also "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines*, 822 F.3d at 166 (citations omitted); *see also Int'l Longshoreman's Ass'n., Local 333 v. Int'l Longshoremen's Ass'n., AFL-CIO*, __Fed. Appx.__, 2017 WL 1628979 (4th Cir. May 2, 2017) (per curiam); *Kensington Volunteer Fire Dep't. v. Montgomery Cnty.*, 684 F.3d 462, 467 (4th Cir. 2012). To be "integral," a document must be one "that by its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original).

However, "before treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it." *Goines*, 822 F.3d at 167 (citing *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 455 (7th Cir. 1998)). "When the plaintiff attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Goines*, 822 F.3d at 167. Conversely, "where the plaintiff attaches or incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true." *Id.*

The exhibits plaintiffs attached to their Complaint relate to when they gave notice of rescission to Citibank. ECF 1-1 to ECF 1-3. Under the principles articulated above, I may consider these exhibits.

In addition, "a court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Goldfarb*, 791 F.3d at 508; *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir. 2011), *cert. denied*, 565 U.S. 825 (2011); *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Pursuant to Fed. R. Evid. 201, a court may take judicial notice of adjudicative facts if they are "not subject to reasonable dispute," in that they are "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

The exhibits that Citibank attached to its Motion are publicly recorded documents related to the Loan, and are integral to the allegations in the Complaint. ECF 21-2 (Deed of Trust); ECF 21-3 (Assignment to Citibank). Indeed, plaintiffs refer to the documents. Under the principles articulated above, I may consider these exhibits.

Moreover, in the context of a motion to dismiss, "[a] court may take judicial notice of docket entries, pleadings and papers in other cases without converting a motion to dismiss into a motion for summary judgment." *Brown v. Ocwen Loan Servicing, LLC*, PJM-14-3454, 2015 WL 5008763, at *1 n.3 (D. Md. Aug. 20, 2015), *aff'd*, 639 Fed. Appx. 200 (4th Cir. 2016). *Cf. Anderson v. Fed. Deposit Ins. Corp.*, 918 F.2d 1139, 1141 n. 1 (4th Cir. 1990) (holding that a district court may "properly take judicial notice of its own records"). However, "these facts [must be] construed in the light most favorable" to the non-movant. *Clatterbuck v. City of*

*Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013) (abrogated on other grounds by *Reed v. Town of Gilbert, Ariz.*, ___ U.S. ____, 135 S. Ct. 2218 (2015), as recognized in *Cahaly v. Larosa*, 796 F. 3d 399 (4th Cir. 2015)).

## III. Discussion

Citibank contends that from the "timing of this Complaint" it "is clear" "that this action is a last-ditch attempt to thwart the lawful foreclosure of the subject property, currently pending in the Circuit Court of Harford County, Maryland[.]" ECF 21-1 at 1-2. Citibank argues, *id.* at 2: "Given the pending Foreclosure Case, this Court should dismiss this matter pursuant to the *Younger* [*v. Harris*, 401 U.S. 37 (1971)] Doctrine. However, even if this Court decides to hear this case, it should still be dismissed because Plaintiffs' TILA claims are time-barred."

In their Opposition (ECF 24), plaintiffs argue, *inter alia*, that equitable tolling applies here because "the defendant has deceptively concealed and mislead [sic] the plaintiff[s] into believing that [Ms. Strickland-Lucas] had no remedies other than to simply believe that the defendant had the rights to foreclose against her home, even without having any legal interests under the trust deed." *Id.* at 2-3. Plaintiffs did not respond to Citibank's *Younger* abstention argument.

### A. *Younger* Abstention

The Fourth Circuit has said that the *Younger* abstention doctrine "requires a federal court to abstain from interfering in state proceedings, even if jurisdiction exists," if there is: "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008).

Citibank argues this case meets all three *Younger* factors. ECF 21-1 at 5. As to the first element, Citibank explains, *id.*:

> [I]t is undisputed that the Foreclosure Case is an ongoing state judicial proceeding. The sale of the property has not occurred or been ratified. Plaintiffs' Complaint explicitly asserts that they rescinded the Loan, and that the Deed of Trust and note are void, while the Foreclosure Case seeks to enforce the same Deed of Trust and Note. (Doc. No. 1, p. 3.) In other words, this is a blatant request for this Court to interfere in the state court proceeding.

As to the second element, Citibank notes that Maryland 'has a "substantial interest in its property law.'" ECF 21-1 at 5 (quoting *Fiallo v. PNC Bank, N.A.*, No. PWG-14-1857, 2014 WL 6983690, at *3 (D. Md. Dec. 9, 2014)). And, Citibank notes, ECF 21-1 at 5, that the Fourth Circuit has said that "property law concerns, such as land use and zoning questions, are frequently 'important' state interests justifying *Younger* abstention." *See Harper v. Pub. Serv. Comm'n of W. Va.*, 396 F.3d 348, 352 (4th Cir. 2005).

With respect to the third element, Citibank maintains: "Plaintiffs fail to even assert that the Circuit Court for Harford County is the improper court to hear any federal claims." ECF 21-1 at 6.

To be sure, "federal circuit and district courts, including this Court, have relied upon the doctrine of abstention articulated in *Younger v. Harris*, 401 U.S. 37 (1971), as a basis for the dismissal of cases concerning real property interests when the property at issue is the subject of ongoing foreclosure proceedings in state court." *Lindsay v. Rushmore Loan Mgmt., Servs., LLC*, PWG-15-1031, 2017 WL 167832, at *2 (D. Md. Jan. 17, 2017) (citing *Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 643–44 (D. Md. 2015) (collecting cases)). But, Citibank failed to mention the case of *Sprint Communications, Inc. v. Jacobs*, __U.S.__, 134 S. Ct. 584 (2013), in which the Supreme Court narrowed considerably the reach of the *Younger* doctrine.

As noted by Judge Paul Grimm of this Court, the case of *Sprint Communications, Inc.* "casts doubt on the earlier circuit court analyses that led district courts to rely on *Younger* to abstain from considering cases such as this one", when there is a pending foreclosure action in state court. *Lindsay,* PWG-15-1031, 2017 WL 167832, at *2 (internal quotation marks and citation omitted). Judge Grimm explained, *id.* at *2-3:

> The *Sprint* Court "sought to provide guidance on the limited scope of *Younger*" so that courts would not consider the three factors from *Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 432 (1982), outside of "'their quasi-criminal context'" and, as a result, erroneously "'extend *Younger* to virtually all parallel state and federal proceedings.'" *Tucker*, 83 F. Supp. 3d at 644–45 (quoting *Sprint*, 134 S. Ct. at 593). To that end, the Supreme Court cautioned the lower courts that "the three factors from *Middlesex* 'were not dispositive; they were, instead, *additional* factors appropriately considered by the federal court before invoking *Younger*.'" *Id.* (quoting *Sprint*, 134 S. Ct. at 593).
>
>> The Supreme Court observed that it had "review[ed] and restate[d] [its] *Younger* jurisprudence in *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350 (1989) ("*NOPSI*"), in which it "reaffirmed" that "'only exceptional circumstances justify a federal court's refusal to decide a case in deference to the States.'" *Sprint*, 134 S. Ct. at 591 (quoting *NOPSI*). The *NOPSI* Court identified "three types of proceedings" in which "[t]hose 'exceptional circumstances' exist": (1) "ongoing state criminal prosecutions," (2) "certain 'civil enforcement proceedings,'" and (3) "pending 'civil proceedings involving certain orders... uniquely in furtherance of the state courts' ability to perform their judicial functions,'" and the *Sprint* Court held that those " 'exceptional' categories... define *Younger's* scope." *Sprint*, 134 S. Ct. at 591 (quoting *NOPSI*, 491 U.S. at 368).
>
> *Tucker*, 83 F. Supp. 3d at 645. Cases in the second category "generally concern[ ] state proceedings 'akin to a criminal prosecution' in 'important respects,'" where, typically, the "actions are ... initiated to sanction the federal plaintiff." *Sprint*, 134 S. Ct. at 592 (quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975)). Cases in the third category generally involve a state's contempt process or a state court's efforts to enforce its own order or judgment. *Id.* at 591 (citing *Juidice v. Vail*, 430 U.S. 327 (1977); *Pennzoil v. Texaco Inc.*, 481 U.S. 1 (1987)).

Accordingly, Judge Grimm determined that *Younger* abstention was not appropriate because the ongoing state foreclosure proceeding was not a criminal proceeding or akin to one,

and because "'it is not clear that an order of foreclosure is "uniquely in furtherance of the state court['s] ability to perform [its] judicial function[ ]," or that these are the "exceptional circumstances" in which to exercise this discretion.'" *Lindsay*, PWG-15-1031, 2017 WL 167832, at *4 (citations omitted, alterations in *Lindsay*). Moreover, he noted that, "even if exceptional circumstances were present, this Court only could stay, but not dismiss, on *Younger* abstention grounds, because the [plaintiffs] seek damages and not declaratory relief." *Id.* (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996)).

I am persuaded by Judge Grimm's reasoning that, in light of *Sprint Communications, Inc.*, 134 S. Ct. 584, it is not clear that, under *Younger*, foreclosure proceedings in State court present the "exceptional circumstances" necessary to "justify a federal court's refusal to decide a case in deference to the States." *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989). Therefore, I will neither dismiss nor stay plaintiffs' claims for damages on *Younger* abstention grounds.

**B. TILA**

**1.**

As indicated, plaintiffs allege that Citibank violated TILA by failing to provide required disclosures at the origination of the Loan and by failing to recognize plaintiffs' purported rescission in 2015. ECF 1. Citibank asserts that plaintiffs' TILA claims are time-barred. ECF 21-1 at 6. Because the defense of statute of limitations is an affirmative defense, Fed. R. Civ. P. 8(c)(1), plaintiffs' TILA claims are only subject to dismissal on this ground "if the time bar is apparent on the face of the complaint." *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005) (citing *Bethel v. Jendoco Construction Corp.*, 570 F.2d 1168 (3d Cir. 1978)).

TILA, 15 U.S.C. §§ 1601, *et seq.*, was passed in 1968 to "'assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit.'" *Mourning v. Family Publications Serv., Inc.*, 411 U.S. 356, 364–65 (1973) (quoting 15 U.S.C. § 1601(a)). More recently, Congress passed the Helping Families Save Their Homes Act of 2009, Pub.L. No. 111–22, 123 Stat. 1632, which amended various sections of TILA.

Among other things, TILA "requires lenders 'clearly and conspicuously' to make a number of disclosures to borrowers, including the disclosure of the borrowers' right to rescind a consumer credit transaction." *Watkins v. SunTrust Mortgage, Inc.*, 663 F.3d 232, 234 (4th Cir.2011) (quoting 15 U.S.C. §§ 1601(a)). Creditors are also required "to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998); *see generally* 15 U.S.C. §§ 1601-1667f.

TILA's disclosure requirements apply only to creditors and their assignees. In particular, "[t]he only parties who can be liable for [TILA] violations are the original creditor, 15 U.S.C. § 1640, and assignees of that creditor, 15 U.S.C. § 1641." *Chow v. Aegis Mortgage Corp.*, 286 F.Supp.2d 956, 959 (N.D. Ill. 2003).

Section 1640 of TILA authorizes a civil action for damages against "any creditor who fails to comply with any requirement imposed under" sections 1631–1651 and 1666–1667f (*i.e.*, Parts B, D, and E of the TILA). However, § 1640(e) provides, with exceptions not relevant here, that an "action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, *within one year from the date of the occurrence of the violation* ...." (Emphasis added.) The "date of the occurrence of the violation' is the date on

which the borrower accepts the creditor's extension of credit." *Brown*, 2015 WL 5008763, at *7 (internal quotation marks and citation omitted).

Plaintiffs filed suit approximately nine years after they entered into the Loan in March 2007. Therefore, Citibank reasons that the claim related to disclosures at origination is barred by the statute of limitations.

In their Opposition (ECF 24), plaintiffs argue that equitable tolling applies here because "the defendant has deceptively concealed and mislead [sic] the plaintiff[s] into believing that [Ms. Strickland-Lucas] had no remedies other than to simply believe that the defendant had the rights to foreclose against her home, even without having any legal interests under the trust deed." *Id.* at 2-3.

Unlike some statutes of limitations, TILA's statute of limitations is not expressly based on when a claim "accrues." The concept of accrual is ordinarily thought to include a discovery rule, by which accrual cannot occur until the plaintiff has (or should have) "possession of the critical facts that he has been hurt and who has inflicted the injury." *United States v. Kubrick*, 444 U.S. 111, 122 (1979) (discussing discovery rule in the context of the Federal Tort Claims Act, which contains a statute of limitations requiring notice to the government "within two years after such claim accrues"). As noted, TILA's limitations provision begins to run on the "date of the occurrence of the violation." 15 U.S.C. § 1640(e).

However, several courts, including courts in this district, have held that the equitable doctrine of fraudulent concealment may toll the statute of limitations for claims under TILA to recover monetary damages. *See Kerby v. Mortgage Funding Corp.*, 992 F. Supp. 787, 798 (D. Md.1998) (holding that the doctrine of fraudulent concealment can toll the statute of limitations established in 15 U.S.C. § 1640(e) for monetary damages claims under TILA); *Elman v. JP*

*Morgan Chase Bank, NA,* 2010 WL 2813351, at * 2 (D. Md. July 13, 2010); *see also Stephens v. Bank of Am. Home Loans, Inc.*, No. 5:16-CV-660-F, 2017 WL 384315, at *5 (E.D.N.C. Jan. 25, 2017) (identifying three different federal appellate courts that have held that the statute of limitations for monetary damages under TILA is subject to equitable tolling); *Espejo v. George Mason Mortgage, LLC,* No. 1:09CV1295 (JCC), 2010 WL 447009, at *6 (E.D. Va. Feb. 2, 2010) (identifying four different federal appellate courts that have held that the statute of limitations for monetary damages under TILA is subject to equitable tolling).

The Court of Appeals for the Fourth Circuit has explained that "the fraudulent concealment doctrine tolls the statute of limitations 'until the plaintiff in the exercise of reasonable diligence discovered or should have discovered the alleged fraud or concealment.'" *Browning v. Tiger's Eye Benefits Consulting*, 313 F. App'x 656, 663 (4th Cir. 2009) (citation omitted). In order to justify equitable tolling on the basis of fraudulent concealment, a plaintiff must prove "(i) that the party asserting the statute of limitations concealed facts that are the basis of the plaintiff's claim; (ii) that the plaintiff failed to discover those facts within the statutory period; and (iii) that the plaintiff failed to do so despite the exercise of due diligence." *Roach v. Option One Mortgage Corp.*, 598 F. Supp. 2d 741, 751–52 (E.D. Va. 2009) (internal quotation marks and alteration omitted), *aff'd,* 332 F. App'x 113 (4th Cir. 2009).

The late Judge Frank Kaufman aptly explained in *Davis v. Edgemere Fin. Co.*, 523 F. Supp. 1121, 1126 (D. Md.1981):

> Application of the fraudulent concealment doctrine in the context of the disclosure requirements of the TILA requires more than mere nondisclosure.... Otherwise, in a context in which nondisclosure is the gravamen of the violation, then just about every failure by defendant to disclose as required by the TILA would seemingly bring about tolling and would tend to eviscerate the limitations provision set forth in § 1640(e)....

Plaintiffs maintain that equitable tolling applies to their claims because Citibank "deceptively concealed and mislead [sic] the plaintiff[s] into believing that [Ms. Strickland-Lucas] had no remedies other than to simply believe that the defendant had the rights to foreclose against her home, even without having any legal interests under the trust deed." ECF 24 at 2-3. But, plaintiffs have not alleged, nor is there any indication, that either the original creditor or Citibank, which was not involved in the origination of the Loan, took any action fraudulently to conceal the alleged failure to make disclosures required under TILA. *See Wiseman v. First Mariner Bank*, ELH-12-2423, 2013 WL 5375248, at *27 (D. Md. Sept. 23, 2013) (concluding, in the context of a Rule 12(c) motion for failure to state a claim, that plaintiff's TILA claims were time-barred and equitable tolling did not apply where there was "no indication that the…Defendants took any action to fraudulently conceal their alleged failure to make disclosures required under the TILA"). Accordingly, I conclude that plaintiffs' TILA claim that they were not provided required disclosures with the loan origination is time-barred.

**2.**

Plaintiffs maintain that Citibank violated TILA by failing to recognize plaintiffs' purported rescission in 2015.

In addition to suits for money damages authorized by 15 U.S.C. § 1640, TILA authorizes an obligor to rescind certain consumer credit transactions for TILA violations within three years after the consummation of the transaction. *See* 15 U.S.C. § 1635(f).[6] The Fourth Circuit has said that a borrower's right to rescind under TILA is contingent on the borrower's ability to tender the

[6] Under TILA, a borrower may rescind anytime within three days of the loan closing. *See* 15 U.S.C. § 1635(a). If a creditor fails to provide the required disclosure notices under TILA, or if the disclosures are deficient, then section 1635(f) extends the period within which rescission is available to "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f).

loan proceeds back to the lender. *Am. Mortgage Network, Inc., v. Shelton,* 486 F.3d 815, 821 (4th Cir. 2007).

Plaintiffs sent their notice to rescind to Citibank on or about October 21, 2015 (ECF 1-1), more than eight years after the origination of the Loan. In their Opposition, plaintiffs rely on *Jesinoski v. Countrywide Home Loans,* __U.S.__, 135 S. Ct. 790 (2015), in which the Supreme Court held that TILA only requires written notice of intent to seek rescission, rather than filing suit, within the three-year period for exercising that right (*id.* at 792). On this basis, they argue that their claim is not time-barred. ECF 24 at 2. They state, *id.* at 3 (alteration added):

> The plaintiff lacked actual notice of the filing requirement until shortly before sending the notice to rescind, she discovered the recent Supreme Court ruling [of *Jesinoski v. Countrywide Home Loans*, 135 S. Ct. 790 (2015)]. The plaintiff lacked constructive knowledge of the filing requirement but acted diligently in pursuing her rights by articulating various causes of action against the defendant in this court, to the best of her ability (having had no formal, legal training whatsoever)…. Under the circumstances, it was reasonable that the plaintiff remained ignorant of the notice requirement until discovering the January Supreme Court ruling as announced by Justice Scalia in behalf of the Court.

But, as explained by Citibank in its Reply, *Jesinoski* actually "supports dismissal of this case." ECF 25 at 3. In *Jesinoski*, 135 S. Ct. 790, the Supreme Court determined that TILA only requires written notice of intent to seek rescission, rather than filing suit, within the three-year period for exercising that right. *Id.* at 792. Accordingly, Citibank correctly concludes that the claim related to rescission is also time-barred because "Plaintiffs had, at most, three years to rescind the Loan or until March 2, 2010. Plaintiffs allege that they sent the purported rescission to Citibank on October 24, 2015 – more than eight years after origination and more than five years after the statute of repose expired under 15 U.S.C. § 1635(f)." ECF 21-1 at 7.

According to plaintiffs, any delay should be excused under the principle of equitable tolling. ECF 24 at 2. However, "TILA rescissions are not subject to equitable tolling." *Mosley*

*v. OneWest Bank*, RDB-11-00698, 2011 WL 5005193, at *4 (D. Md. Oct. 19, 2011). Of import here, the "conditional right to rescind does not last forever." *Jesinoski*, 135 S. Ct. at 792.

Judge Richard Bennett of this Court has explained, *Mosley*, 2011 WL 5005193, at *4:

> The United States Court of Appeals for the Fourth Circuit has stressed that § 1635(f) "is an absolute time limit," and that the statute "precludes a right of action after a specified period of time ... [and] the time period stated therein is typically not tolled for any reason." *Jones v. Saxon Mortg. Inc.*, 537 F.3d 320, 327 (4th Cir. 1998). Additionally, the Supreme Court has ruled that the "manifest intent" of Congress in § 1635(f) "permits no federal right to rescind, defensively or otherwise, after the three year period of § 1635(f) has run." *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 416–17, 118 S.Ct. 1408, 140 L.Ed.2d 566, (1998). The Supreme Court interpreted § 1635(f) as an unbendable prohibition which speaks "in terms so straightforward as to render any limitation on the time for seeking a remedy superfluous." *Id.* at 417.

*Accord Brown v. Wilmington Fin.*, CCB-11-699, 2012 WL 975541, at *4 (D. Md. Mar. 21, 2012) ("§ 1635(f) is a statute of repose, and therefore is an 'absolute time limit' not subject to equitable tolling.") (Citation omitted).

Accordingly, plaintiffs' claim that Citibank violated TILA by failing to recognize plaintiffs' purported rescission in 2015 is time-barred.

## IV. Conclusion

For the reasons stated above, I shall GRANT defendants' Motion (ECF 21). An Order follows.

Date: June 8, 2017

/s/
Ellen Lipton Hollander
United States District Judge