IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOWANDA STRICKLAND-LUCAS, *et. al.*

    *Plaintiffs*,

v.

CITIBANK, N.A. DOING BUSINESS AS CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2007-QH2,

    *Defendant*.

Civil Action No. ELH-16-0805

\*\*\*

**MEMORANDUM**

By Memorandum Opinion (ECF 30) and Order (ECF 31) of June 9, 2017, I granted defendant's motion to dismiss (ECF 21). Then, on June 16, 2017, JoWanda Strickland-Lucas, a self-represented plaintiff, filed a motion to vacate the Order. ECF 32 ("Motion").[1] Although Strickland-Lucas asserts that "the dismissal [was] improper….", she does not provide any grounds to support her request to set aside the Order. *Id.* Rather, Strickland-Lucas merely states that she is "indigent" and that she is seeking counsel to assist her in this matter. *Id.* at 1.

Defendant Citibank, N.A., as trustee for the Certificateholders of CWABS, Inc. Asset-Backed Certificates, Series 2007-QH2 ("Citibank"), opposes the Motion. ECF 33 ("Opposition"). Citibank notes that "Plaintiffs [sic] fail to provide any grounds pursuant to

---

[1] It does not appear that the other self-represented plaintiff, James Strickland-Lucas, joined in the Motion.

which this Court's dismissal should be overturned or set aside." ECF 33 at 1. No reply has been filed, and the time to do so has expired. *See* Local Rule 105.2(a).

On July 10, 2017, while the Motion was pending, plaintiffs noted an appeal to the Federal Circuit (ECF 36) with respect to the Memorandum Opinion and Order of June 9, 2017 (ECF 30; ECF 31).[2] Then, on July 14, 2017, the Clerk docketed a motion dated July 7, 2017, and signed on July 8, 2017, in which Ms. Strickland-Lucas requests an extension to file an appeal from this Court's Order of June 9, 2017. ECF 40 ("Motion to Extend").[3] Strickland-Lucas explains that she seeks an extension because of the pendency of the Motion. ECF 40 at 1.

No hearing is necessary to resolve the motions. *See* Local Rule 105.6.

A.

The motion to vacate is, in effect, a motion to reconsider. The Federal Rules of Civil Procedure do not contain an express provision for a "motion for reconsideration" of a final judgment. *Katyle v. Penn Nat'l Gamin, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 115 (2011). However, to avoid elevating form over substance, a motion to reconsider may be construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or a motion for relief from judgment under Fed. R. Civ. P. 60(b). *MLC Auto., LLC v. Town of S. Pines,* 532 F.3d 269, 278-80 (4th Cir. 2008).

Fed. R. Civ. P. 59(e) is captioned "Motion to Alter or Amend a Judgment." It states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." A district court may amend a judgment under Rule 59(e), *inter alia*, to "prevent manifest injustice." *Hutchinson v. Stanton*, 994 F.2d 1076, 1081 (4th Cir. 2002).

---

[2] Plaintiffs should have noted the appeal to the Fourth Circuit. *See* ECF 36.

[3] The record does not reflect the date of mailing.

2

Because the Motion (ECF 32) was filed within 28 days following entry of the Order (ECF 31), I shall construe the Motion under Rule 59(e).  In this circuit, there are three limited grounds for granting a motion under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available; or (3) to correct clear error of law or prevent manifest injustice. *See United States ex. rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). Notably, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 *Wright, et al., Federal Practice & Procedure* § 2810.1, at 127–28 (2d ed. 1995)). Generally, "'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co.*, 148 F.3d at 403 (quoting *Wright, et al.*, supra, § 2810.1, at 124).

As correctly noted by Citibank, the plaintiff "fail[s] to present any arguments that establish a change in the law, or introduce new evidence that was not available prior to the entry of judgment, or suggest that the Court's ruling was in error." ECF 33 at 2.  Because Strickland-Lucas "does not raise new arguments, but merely urges the court to 'change its mind,' relief is not authorized." *Medlock v. Rumsfeld*, 336 F. Supp. 2d 452, 470 (D. Md. 2002) (citation omitted), *aff'd*, 86 Fed. Appx. 665 (4th Cir. 2004).  "To the extent that Plaintiff is simply trying to reargue the case, [s]he is not permitted to do so." *Id.*; *see also Hutchinson v. Stanton*, 994 F.2d 1076, 1082 (4th Cir. 2002) ("[M]ere disagreement [with a court's ruling] does not support a Rule 59(e) motion.").

Accordingly, the Motion (ECF 32) is denied.

**B.**

As to the Motion to Extend (ECF 40), Strickland-Lucas seeks an extension to file an appeal. As noted, she has already filed an appeal with the Federal Circuit.

The timely filing of a notice of appeal is "mandatory and jurisdictional." *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203 (1988). Under Fed. R. App. P. 4(a)(1)(A), the notice of appeal in a civil case generally "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." However, of import here, the thirty-day time period is "deferred" if the party makes a timely motion under Rule 59(e) or other specified rules. *Alston v. MCI Commc'ns Corp.*, 84 F.3d 705, 706 (4th Cir. 1996); *see* Fed. R. App. P. 4(a)(4)(A). In such a case, "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion[.]" Fed. R. App. P. 4(a)(4)(A).

In addition, Fed. R. App. P. 4(a)(5) governs motions for extension of time in which to file an appeal. It provides, *id.*:

> (5) Motion for Extension of Time.
>
>   (A) The district court may extend the time to file a notice of appeal if:
>
>     (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
>     (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
>
>   (B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3)  may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.
>
>   (C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time   or 14 days after the date when the order granting the motion is entered, whichever is later.

The decision whether to grant an extension of time based upon excusable neglect is committed to the discretion of the district court. *See Cent. Radio Co. Inc. v. City of Norfolk, Va.*, 811 F.3d 625, 631 n.5 (4th Cir. 2016) (quoting *Thompson,* 76 F.3d at 532 n.2). *Accord United States v. Borromeo*, 945 F.2d 750, 754 (4th Cir. 1991); 16A Wright & Miller, Federal Practice and Procedure (2008 & 2016 Supp.) § 3950.3 at 308 ("Wright & Miller") ("Whether to grant an extension rests largely in the discretion of the district court.").

In the Motion to Extend (ECF 40), Ms. Strickland-Lucas requests a 30-day extension to file an appeal after the Court rules on the pending Motion. *Id.* at 1. However, as noted, Fed. R. App. P. 4(a)(4)(A) allows a party to file an appeal within 30 days of the entry of an Order, such as this one, denying a motion under Rule 59(e). Therefore, as best I can determine, plaintiff is not in need of an extension.

Accordingly, I shall deny the Motion to Extend, as moot. But, plaintiff is reminded of her obligation to comply with the federal appellate rules.


Date: July 18, 2017                           /s/
                                              Ellen Lipton Hollander
                                              United States District Judge